RUTH L. SEROUSSI (SBN 182623)
rseroussi@newhouselawgroup.com
MICHAEL R. NEWHOUSE (SBN 211204)
mnewhouse@newhouselawgroup.com
**NEWHOUSE LAW GROUP, PC**
1800 Century Park East, 6th Floor
Los Angeles, California 90067
Telephone: (310) 684-3162
Facsimile: (310) 694-3076

Attorneys for Defendants
SUPERBA HOLDINGS, LLC,
JOSEPH N. TREVES, ALAN R. TREVES
AND JEFFREY R. TREVES

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA, | Case No.: 2:20-cv-06353-RSWL-PVC |
| Plaintiff, | (Hon. Ronald S. W. Lew) |
| vs. | NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM AND LACK OF STANDING AND DECLINING SUPPLEMENTAL JURISDICTION OVER THE CALIFORNIA UNRUH ACT CLAIM; MEMORANDUM OF POINTS & AUTHORITIES AND DECLARATION OF RUTH L. SEROUSSI |
| JOSEPH N. TREVES, in individual and representative capacity as Trustee of the Nace and Sarah Treves Living Trust; ALAN R. TREVES in individual and representative capacity as Trustee of the Nace and Sarah Treves Living Trust; JEFFEREY R. TREVES, in individual and representative capacity as Trustee of the Nace and Sarah Treves Living Trust; SUPERBA HOLDINGS, LLC, a Deleware Limited Liability Company; and DOES 1 through 10, inclusive, | |
| | **[F.R.C.P. 12(b)(1) and 12(b)(6)]** |
| Defendants. | Date:    October 13, 2020<br>Time:   10:00 a.m.<br>Ctrm:   To Be Noticed<br>Judge:  Hon. Ronald S. W. Lew |
| | Complaint Served: July 22, 2020<br>Original Response Date: August 12, 2020<br>New Response Date: September 11, 2020 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF

RECORD:

PLEASE TAKE NOTICE THAT on October 13, 2020 at 10:00 a.m. in the

above captioned Court located at 350 W. 1st Street, in a Courtroom to be determined

and noticed, Los Angeles, CA 90012, Defendants Superba Holdings, LLC, Joseph

N. Treves, Alan R. Treves and Jefferey R. Treves (hereinafter "Defendants") will,

and hereby do, move pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of

Procedure for an order dismissing Plaintiff Orlando Garcia's Complaint in its

entirety with prejudice; or, at a minimum, declining to exercise supplemental

jurisdiction over Plaintiff's Unruh Act claim.

As an initial matter, this Court should dismiss Plaintiff's Complaint with

prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may

be granted.  Plaintiff alleges solely bald and conclusory allegations with no

supporting facts and evidence in his largely boilerplate complaint.  Moreover, due to

the sheer volume of cases Plaintiff (along with this same attorney, Ray Ballister) has

filed in the last two years (231), Plaintiff cannot possibly have suffered an injury

under the ADA, and therefore lacks standing to assert his claim.  Additionally, and

at a minimum, this Court should decline to exercise supplemental jurisdiction over

Plaintiff's California Unruh Act claim pursuant to Rule 12(b)(1) for reasons of

judicial economy, comity, fairness and to avoid forum shopping.

This Motion is based upon this Notice and Motion, the attached Memorandum

of Points and Authorities, the complete file and records in this action, including but

not limited to the Complaint and any exhibits attached thereto, and upon such other

and further argument and evidence that may be presented by Defendants in their

reply or at the time of the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3

which took place on September 3, 2020 via a telephonic conference, the substance of

which was confirmed on the same date via email and thereafter via a subsequent

email on September 9, 2020.  Although Plaintiff's counsel mentioned during the conference of counsel that this Court issued Orders to Show Cause re Exercise of Supplemental Jurisdiction re State Claims, and has dismissed the state claims in these types of cases, Plaintiff's counsel did not respond to Defendant's suggestion that the parties stipulate to dismiss the state claim.  Even more curiously, Plaintiff's counsel did not serve Defendants' counsel with a copy of this Court's July 21, 2020 Order to Show Cause Re Exercise of Supplemental Jurisdiction Re State Law Claims ("OSC") or Plaintiff's response, nor did Plaintiff's counsel mention that the Court had in fact issued an OSC in this regard.  Declaration of Ruth L. Seroussi, ¶ 7.

Since the Court has not yet ruled on the Order to Show Cause, and since Defendants' Responsive Pleading must be filed, this Motion follows.

Respectfully submitted,

NEWHOUSE LAW GROUP, PC

DATED: September 11, 2020        By:    /s/ Ruth L. Seroussi
                                        RUTH L. SEROUSSI
                                        Attorneys for DEFENDANTS SUPERBA
                                        HOLDING, LLC, JOSEPH N. TREVES,
                                        ALAN R. TREVES AND JEFFREY R.
                                        TREVES

# TABLE OF CONTENTS

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 3

I.   INTRODUCTION ....................................................................................... 3

II.  FACTURAL BACKGROUND ..................................................................... 4

III. LEGAL STANDARD FOR DISMISSAL ...................................................... 4

   A.   Standard for Dismissal Under Rule (12)(b)(1) for Lack of Standing and
        Failure to State a Claim Under Rule (12)(b)(6)........................................ 4

   B.   Standard for Dismissal Under 12(b)(1) Lack of Supplemental
        Jurisdiction................................................................................................. 5

IV.  LEGAL ARGUMENT ................................................................................. 7

   A.   This Court Should Dismiss Plaintiff's Complaint For Failure to State a
        Claim Under Rules 12(b)(6) and (12)(b)(1) As Plaintiff Has Not and
        Cannot Allege An "Architectural Barrier" under the ADA ...................... 7

   B.   This Court Should Decline To Exercise Supplemental Jurisdiction Over
        Plaintiff's State Unruh Act Claim Given Judicial Economy, Convenience,
        Fairness and Comity .................................................................................. 9

V.   CONCLUSION ............................................................................................ 14

# TABLE OF AUTHORITIES

**Federal Cases**                                                                     **Page(s)**

*Ashcroft v. Iqbal,*
   556 U.S. 662, 678 (2009) ................................................................. 3

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 566 (2007) ................................................................. 3

*Chapman v. Pier 1 Imports (U.S.) Inc.,*
   631 F.3d 939, 945 (9th Cir. 2011) ................................................... 7, 8

*Ebner v. Fresh, Inc.,*
   838 F.3d 958, 968 (9th Cir. 2016) ....................................................... 8

*Maya v. Centex Corp.,*
   658 F.3d 1060, 1067 (9th Cir. 2011) ................................................... 4

*Moeller v. Taco Bell Corp.,*
   816 F.Supp.2d 831, 847 (N.D. Cal. 2011) ....................................... 7, 9

*Molski v. Mandarin Touch Restaurant,*
   347 F.Supp.2d 860 (C.D. 2004) ..................................................... 3, 9

*Phillips v. P.F. Chang's China Bistro,*
   2015 WL 4694049, at *7 (N.D. Cal. Aug. 5, 2015) .............................. 7

*Rafael Arroyo, Jr. v. Kazmo, LLC,*
   (C.D. Cal. Aug. 5, 2019) ................................................................. 11

*Rodriguez v. Investco, LLC,*
   305 F. Supp. 2d 1278, 1280-81 (M.D. Fla. 2004) ............................... 9

*Safe Air for Everyone v. Meyer,*
   373 F.3d 1035,1039 (9th Cir. 2004) ................................................... 4

*Schutza v. Alessio Leasings, Inc.,*
   2019 WL 1546950, at *4 (S.D. Cal. Apr. 8, 2019) ............................. 13

*Shutza v. Cuddeback,*
   262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) ................................... 12

*United Mine Workers v. Gibbs,*
   383 U.S. 715, 726 (1966) ................................................................. 6

*Velez v. Il Fornaio Am. Corp.,*
   2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018) ............................ 9

*Warren v. Fox Family Worldwide, Inc.,*
   328 F.3d 1136, 1139 (9th Cir. 2003) ................................................. 4

*Whitaker v. Tesla Motors, Inc.,*
   (C.D. Cal. October 17, 2019) ........................................................... 7

*White v. Lee,*
   227 F.3d 1214, 1242 (9th Cir. 2000) ................................................. 4

ii

# TABLE OF AUTHORITIES
### (cont'd)

**Federal Rules**                                                                    **Page(s)**

F.R.C.P. 12(b)(1) ........................................................................... *passim*
F.R.C.P. 12(b)(6) ........................................................................... *passim*

**State Statutes**

Cal. Civ. Code § 55.52(a)(1) ............................................................. 10
Cal. Code Civ. Proc. § 425.50(a) ...................................................... 10
Cal. Code Civ. Proc. § 425.50(b)(1) ................................................. 10
Cal. Code Civ. Proc. § 425.55(a)(2) ................................................. 11
Cal. Code Civ. Proc. § 425.55(b)(1) ................................................. 10

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   INTRODUCTION

On July 17, 2020, Plaintiff Orlando Garcia ("Plaintiff") filed this lawsuit against Defendants Joseph N. Treves, Alan R. Treves and Jefferey R. Treves (the "Treves Defendants") and Defendant Superba Holdings, LLC ("Superba") alleging violations of Plaintiff's rights under the Americans with Disabilities Act ("ADA") and California Unruh Civil Rights Act ("Unruh Act").   On July 21, 2020, the Court ordered Plaintiff to show cause why the Court should exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  Plaintiff responded on July 27, 2020.

Defendants seek an order dismissing Plaintiff's Complaint with prejudice pursuant to F.R.C.P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted and for lack of standing pursuant to F.R.C.P. 12(b)(1).  Plaintiff's Complaint fails to satisfy federal pleading requirements under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007). Plaintiff alleges purely bald, conclusory statements, with no supporting facts or evidence, failing to state a claim pursuant to Rule 12(b)(6).   As a result, Plaintiff lacks standing to bring his claims under the Americans with Disabilities Act.  Due to the sheer volume of cases Plaintiff (along with this same attorney, Ray Ballister) has filed in the last two years (231),[1] Plaintiff cannot possibly have suffered an injury under the ADA, and thus lacks standing to assert the claim.

Additionally, and at a minimum, this Court should decline to exercise supplemental jurisdiction over Plaintiff's California Unruh Act claim pursuant to Rule 12(b)(1) for reasons of judicial economy, comity, fairness and to avoid forum shopping.

---

[1] This Court should exercise its discretion, declare Plaintiff a vexatious litigant pursuant to Local Rule 83-8, and compel Plaintiff to seek relief prior to filing cases going forward, at a minimum, requiring him to file a copy of the Court's Order declaring him a vexatious litigant in all cases filed hereafter. Judge Rafeedie did this in *Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860 (C.D. 2004) and it is appropriate to do so here.

## II.   FACTUAL BACKGROUND

Plaintiff alleges he uses a wheelchair due to a physical disability. [Comp. ¶ 1]. He further alleges that sometime in February of 2020, he visited the Restaurant in North Hollywood, California "owned" by Superba.[2]  [Comp. ¶ 5,10].  At the Restaurant, he claims to have encountered one barrier – wheelchair accessible dining surfaces.   [Comp. ¶ 12].  He also claims that, *on information and belie*f, Superba does not have wheelchair accessible dining surfaces.  [Comp. ¶ 13].  Plaintiff alleges the failure to provide accessible dining surfaces created difficulty and discomfort for him. [Comp. ¶ 16].  Plaintiff does not provide any details or facts to support his bald conclusory statements or the date on which he purportedly visited the store.

Based on a quick Pacer search, Plaintiff, Orlando Garcia has filed at least 231 cases filed in Central District Court in the last two years with the same attorney who currently represents him, Ray Ballister (September 3, 2018-September 3, 2020). Declaration of Ruth L. Seroussi ("Seroussi Decl."), ¶ 2 EXHIBIT 1.

## III.   LEGAL STANDARD FOR DISMISSAL
### A. Standard for Dismissal Under Rule (12)(b)(1) for Lack of Standing and Failure to State a Claim Under Rule (12)(b)(6)

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when a court lacks subject matter jurisdiction due to a plaintiff's lack of Article III standing. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); see *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir.2011) (stating Article III standing bears on the court's subject matter jurisdiction, and is therefore subject to challenge under Federal Rule of Civil Procedure12(b)(1), and under Rule 12(b)(6).

The Court is familiar with the standards for Rule 12(b)(6) motions.  *Iqbal*, 556 U.S. at 662; *Twombly*, 550 U.S. at 544.  *See also See Safe Air for Everyone v. Meyer*, 373 F.3d 1035,1039 (9th Cir. 2004); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In considering such a motion, the court

---

[2]Plaintiff alleges the Treves Defendants, as Trustees, own the real property located at 5203 Lankershim Blvd., North Hollywood, CA where Superba Snacks + Coffee (the "Restaurant") is located.  [Comp. ¶3].

construes the allegations in the light most favorable to the non-moving party and takes as true all material allegations in the complaint.  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544 (citation omitted). Rule 8 unquestionably requires "more than an unadorned, the- defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555 (citation omitted). Naked assertions, pleaded without factual adornment, are not entitled to a 13 presumption of truth. *Iqbal,* 556 U.S. at 680-81.

Plaintiffs must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Twombly, supra* at 570. "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 556). (Emp. added.) "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

## B. Standard for Dismissal Under 12(b)(1) Lack of Supplemental Jurisdiction

To quote the legal standard from this Court in its decision in *Garcia v. Pasadena College Shopping Center LLC et al.*, Case No: CV 20-1897-RSWL-JEM:

> In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, district courts have discretion to decline to exercise supplemental jurisdiction: The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Supreme Court has described 28 U.S.C. § 1367(c) as a "codification" of the principles of "'economy, convenience, fairness, and comity'" that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (citation omitted) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

District courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors," *e.g.*, "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago*, 522 U.S. at 173. The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" Id. (quoting *Cohill*, 484 U.S. at 350).

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. § 1367(c)(1)-(3), *San Pedro Hotel Co. v. City of L.A.,* 159 F.3d 470, 478 (9th Cir. 1998), but does require a district court to "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the Gibbs values provide compelling reasons for declining jurisdiction in such circumstances," *Exec. Software N. Am. Inc. v. U.S. Dist. Court* for the Cent. Dist. of Cal., 24 F.3d 1545, 1558 (9th Cir. 1994). According to the Ninth Circuit, this "inquiry is not particularly burdensome." *Id.* When declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), "the court must identify the predicate that triggers the applicability of the category (the exceptional circumstances), and then determine whether, in its judgment, the underlying Gibbs values are best

served by declining jurisdiction in the particular case (the compelling reasons)." *Id.*

## IV.   LEGAL ARGUMENT

### A.   This Court Should Dismiss Plaintiff's Complaint For Failure to State a Claim Under Rules 12(b)(6) and (12)(b)(1) As Plaintiff Has Not and Cannot Allege An "Architectural Barrier" under the ADA

"To succeed on a Title III ADA architectural barrier claim, "a plaintiff must show that: (1) he is disabled . . . (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations" because of his disability. The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." (Opp. at 6:22-24 citing *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847 (N.D. Cal. 2011); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

Where a plaintiff has not adequately alleged an ADA violation, he not alleged an Unruh Act violation. *See Phillips v. P.F. Chang's China Bistro*, No. 5:15-CV-00344-RMW, 2015 WL 4694049, at *7 (N.D. Cal. Aug. 5, 2015) (granting "the motion to dismiss the Unruh Act claim based on an ADA Violation" when plaintiff failed to state an ADA claim); *see also Whitaker v. Tesla Motors, Inc.,* No. 2:19-cv-06605-MWF-E Slip Op. at 6 (C.D. Cal. October 17, 2019).

For purposes of this Motion, Defendant is not disputing whether the first two elements are met. Critically, however, Plaintiff's complaint makes only one, single, wholly conclusory statement about the third element, simply that "the defendants failed to provide wheelchair accessible dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff." (Complaint ¶ 12, emphasis added.) At no time in the Complaint does Plaintiff identify *which* table at Defendants' store he alleges was inaccessible, let alone the manner of its alleged noncompliance. He does not state *how* the table was configured, how that configuration denied him access, how that denial caused him "difficulty," or even how the dining surface failed to comply with a technical specification of applicable

disability access guidelines. Likewise, Plaintiff's complaint fails to specify the actual date on which Plaintiff's alleged visit to Defendants' business occurred. Moreover, Plaintiff alleges, *on information and belief only*, that Superba does not have accessible dining surfaces (when, in fact, Superba does have accessible dining surfaces).  Despite these glaring deficiencies, Plaintiff simply asserts, without any support that this description is sufficient to meet the third element.

As the courts have clearly ruled post *Iqbal*, claims, including ADA violation claims, must identify *how* any of the alleged violations threaten to deprive the plaintiff of full and equal access due to his disability if he were to return...or *how* any of them deter him from visiting the Restaurant due to his disability. *See Chapman v. Pier 1 Imports (U.S.) Inc*., 631 18 F.3d 939, 955 (9th Cir. 2011) (emphasis added). Here no such details are provided.  Moreover, "[d]etermining whether a complaint states a plausible claim for relief is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016).

Plaintiff has failed to provide this court with any of that context. Plaintiff's conclusory statement-  simply that Defendants "failed to provide wheelchair accessible dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff' - falls fundamentally short of meeting the pleading requirements of 12(b)(6).  There is no way for the court or Defendant to identify which table is inaccessible and/or how they are inaccessible. Plaintiff has provided no *facts* that plausibly support a basis for relief, only a single conclusory statement. This conclusion is insufficient to state a claim for violations of the ADA or the Unruh Act based on an architectural barrier which is not clearly identified. As result, Plaintiff's Complaint should be dismissed pursuant to F.R.C.P. 12(b)(6).

Moreover, as noted in the preceding section, due to the sheer volume of cases Plaintiff (along with this same attorney, Ray Ballister) has filed in the last two years (231), Plaintiff cannot possibly have suffered an injury under the ADA.  Therefore,

Plaintiff lacks standing to even bring his Complaint, and this Court should dismiss it with prejudice pursuant to F.R.C.P. 12(b)(1).

**B. <u>This Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's State Unruh Act Claim Given Judicial Economy, Convenience, Fairness and Comity</u>**

As stated above, since September 3, 2018, Plaintiff (with the help of the Potter and Handy law firm) has filed 231 cases in the Central District alone alleging violations of the ADA and Unruh Act. (*See* Seroussi Decl., ¶ 2, EXHIBIT 1). Plaintiff has filed 254 cases in the Central District and Plaintiff's counsel has filed 3,120 cases since September 3, 2018.  *Id.,* ¶ 3, EXHIBIT 2 and ¶ 4, EXHIBIT 3.

While the ADA provides only for injunctive relief, as federal courts in every California district have noted, enterprising plaintiffs (and their counsel) found a way to circumvent Congressional will by adding a state law claim for money damages under the Unruh Act to their ADA claims. *See, e.g., Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 607 (N.D. Cal. 2004).

Unlike the ADA, the Unruh Act allows for recovery of monetary damages. A plaintiff may recover actual damages for each offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." Cal. Civ. Code § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). As a result, this has created a "cottage industry." *Molski v. Mandarin Touch Restaurant,* 347 F. Supp. 2d 860, 862-863 (C.D.Cal. 2004), citing 14 *Rodriguez v. Investco, L.L.C.*, 305 F. Supp. 2d 1278, 1280-81 (M.D. Fla. 2004).

"In 2012, in an attempt to deter baseless and vexatious litigant, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act."  *Velez v. Il Fornaio Am. Corp.* No. 3:18-CV-1840-CAB-MDD, 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018).  These heightened pleading requirements apply to actions alleging a "construction-related accessibility

claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1 or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard."  Cal. Civ. Code § 55.52(a)(1).

As a result, all construction-related accessibility cases filed in California courts after October 15, 2015 require a plaintiff to include specific facts concerning the plaintiff's claim, including the specific barriers encountered or the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). The complaint must also be verified. Civ. Proc. Code §425.50(b)(1) or is subject to a motion to strike. California also requires HFL to pay an additional $1,000.00 filing fee if they have filed more than 10 complaints alleging a construction-related accessibility violation in the prior 12 months. Cal. Civ. Proc. Code § 425.55(b)(1).

When California continued to experience large numbers of these actions, California imposed additional limitations on "high frequency litigants."  These additional restrictions became effective on October 15, 2015.  Under California law, a "high frequency litigant" is defined as "(a) plaintiff who has filed ten or more complaints alleged a construction -related accessibility violation within the twelve-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Id. Section 425.55(b)(1).  The definition of high-frequency litigant also extends to attorneys.  *Id*. at 425.55(b)(2). In support of its imposition of additional requirements on high frequency litigants, the California Legislature found and declared:

> According to information from the California Commission on Disability Access, more than one-half, or 54 percent, of all construction-related accessibility complaints filed between 2012 and 2014 were filed by two law firms. Forty-six percent of all complaints were filed by a total of 14 parties. Therefore, a very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the state, from 70 to 300 lawsuits each year. Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility

violation. This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act and the (ADA).

Cal. Civ. Proc. Code §425.55(a)(2). *See Rafael Arroyo, Jr. v. Kazmo, LLC*, No. 2:19-cv- 2720 PA (MRWx), Slip Op. at 2-3 (C.D. Cal. Aug. 5, 2019)(emphasis added).

Because California's heightened pleading standards and increased filing fees to do not apply in federal court, plaintiffs can circumvent the restrictions California has imposed on construction-related accessibility claims just by relying on a grant of supplemental jurisdiction over any Unruh Act claim, when combined with an ADA claim for injunctive relief.  The number of construction-related accessibility claims filed in the Central District has significantly increased since California sought to curtail such actions in its state courts:

According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, which constituted 3% of the civil actions filed. Filings of such cases increased from 928 (7% of civil cases) in 2014, the year before the imposition of the additional $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10% of civil cases) in 2016, the first full year of those requirements. The number and percentage of such cases filed in the Central District has increased in each year since California acted to limit the filings by high- frequency litigants, reaching 1,670 (12% of civil cases) in 2017, 1,670 (18% of civil cases) in 2018, and *1,868 cases (24% of civil cases) in the first six months of 2019*.

*Arroyo, Jr. v. Kazmo, LLC*, at 5 (emphasis added).

In enacting restrictions and additional fees for the filling of construction-related accessibility claims, California sought to limit the burden these types of cases put on its businesses.  But, in filing these Actions in federal courts, plaintiffs have managed to avail themselves of the state law provided statutory damages all which circumventing California's limitations as to reaching such awards.  This situation, as well as the increased burden on federal courts due to the increasing number of these cases, presents the type of "exceptional circumstances" and "compelling reasons" that justify a court's discretion to decline to exercise supplemental jurisdiction over any Unruh Act or other state law claims under 28 U.S.C. Section 1367(c) 4).

Further, declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim under these circumstances furthers the values of judicial economy, fairness, convenience, and comity:

> As a high-frequency litigant, the Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim.

*Shutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017); *see also Gibbs*, 383 U.S. at 726. In *Shutza*, the court found that the plaintiff—a High Frequency Litigant who had filed over 100 disability discrimination cases—was "engaging in forum-shopping by bringing his action in federal court and attempting to avoid California's heightened pleading requirements for disability discrimination claims." *Schutza*, 262 F. Supp. 3d at 1031.

Nearly nine times more construction-related accessibility actions are being filed in the Central District in 2019 than were in 2013. *See Garibay*, 2019 WL 5204294, at *4. But, it is within the power of the federal courts to "take measures to discourage forum-shopping, and here…the Court finds this to be a compelling reason to decline supplemental jurisdiction." *Schutza*, 262 F. Supp.3d at 1031 (citing *Hanna v. Plumer*, 380 U.S. 460, 467-68 (1965)). It is not, under the *Gibbs* factors, 'fair' to defendants that plaintiffs may pursue construction-related accessibility claims in this Court while evading the limitations California has imposed on such claims." *Garibay*, 2019 WL 5204292, at *5. Allowing federal courts to act as a safe haven for these claims-regardless of whether a particular plaintiff or law firm currently satisfies the definition of a "high-frequency litigant" – is an affront to the comity between federal and state courts.

Here, *Plaintiff has filed more than 231 ADA claims in the Central District of California, in last two years* most or all of which also seek damages under California's Unruh Act. What is more, *Plaintiff concedes that he qualifies as a high-*

*frequency litigant under California law*.[3]  Because Plaintiff is a High Frequency Litigant, primarily seeking statutory damages under state law, this Court should deny supplemental jurisdiction over Plaintiff's Unruh Act claims.  Just as it was "improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements" in *Shutza*, it is improper to do so here.   This Court should find, like it did in the case of *Orlando Garcia v. Pasadena College Shopping Center, LLC CV 20-1897-RSWL-JEM* that "exceptional circumstances" and "compelling reasons" exist to support the Court's decision to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  *See* Seroussi Decl. ¶ 5, EXHIBIT 4.

Additionally, any inefficiencies created by this Court's decision to decline to exercise supplemental jurisdiction over the Unruh Act claim are *problems resulting from Plaintiff's decision to file this Action in federal court, rather than state court. See Schutza v. Alessio Leasings, Inc.*, No. 18cv 2154-LAB (AGS), 2019 WL 1546950, at *4 (S.D. Cal. Apr. 8, 2019) ("Had he brought this suit in state court, there would have been only one suit pending and he would have been eligible to receive every form of relief he seeks: an injunction, money damages, and attorney's fees.  This is particularly true, given this Court's recent decision in *Orlando Garcia v. Pasadena College Shopping Center, LLC CV 20-1897-RSWL-JEM,* another recent ADA case brought by Plaintiff with very similar allegations, where this Court declined supplemental jurisdiction over Plaintiff's state claim.  Seroussi Decl., ¶ 5, EXHIBIT 4*; see also* Seroussi ¶ 6, EXHIBIT 5.

By declining to exercise supplemental jurisdiction over Plaintiff's state claim here, this Court is simply recognizing that California has a strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants.  If that results in occasional inefficiency, it's a worthwhile tradeoff."

---

[3] *See* Plaintiff's Declaration ISO Response to OSC, Par. 4 "It is, therefore, my understanding that I qualify as a high-frequency [sic] litigation as that term is used by California law."

Plaintiff's decision to bring this action in this Court ignoring additional pleading requirements imposed by California's HFL is an improper attempt at forum shopping. "Because a legitimate function of the federal courts is to discourage forum shopping and California courts should interpret California law," this Court should follow *Schutza* and find "that compelling reasons exist to decline supplemental jurisdiction over plaintiff's state law claims." *See Schutza* at 1031 (citation omitted). This Court should decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act Claim and should dismiss this state law claim.

## V.     CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their Motion to dismiss Plaintiff's Complaint in its entirety with prejudice; or, at a minimum, to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, and dismiss this claim.

Respectfully Submitted,

NEWHOUSE LAW GROUP, PC

DATED: September 11, 2020        By:     /s/ Ruth L. Seroussi

RUTH L. SEROUSSI
Attorneys for DEFENDANTS SUPERBA
HOLDING, LLC, JOSEPH N. TREVES,
ALAN R. TREVES AND JEFFREY R.
TREVES

## DECLARATION OF RUTH L. SEROUSSI

I, Ruth L. Seroussi, declare as follows:

1.      I am an attorney duly admitted to practice before this Court. I am a shareholder of Newhouse Law Group PC, attorneys of record for moving Defendants Superba Holdings, LLC, Joseph N. Treves, Alan R. Treves and Jefferey R. Treves (hereinafter "Defendants") herein. I have personal knowledge of the matters herein and could testify competently regarding them.

2.      This office ran a Pacer search for Plaintiff Orlando Garcia as represented by Plaintiff's counsel, Ray Ballister in any civil action filed in California. Attached hereto as EXHIBIT 1 is a true and correct copy of an excel spreadsheet of all cases we found when performing this Pacer search.  As the Court will see, Plaintiff has filed 231 cases as an ADA plaintiff in the Central District of California since September 3, 2018, with Ray Ballister as his counsel.

3.      For the Court's convenience, attached as EXHIBIT 2 is a true and correct copy of the Pacer search from September 1, 2018 of all cases filed by Plaintiff Orlando Garcia in Central District Court, CA – a total of 254 ADA cases, seven (7) of which have been before this Court.

4.      Attached hereto as EXHIBIT 3 is a true and correct copy of a Pacer report reflecting the 3,120 cases filed by Ray Ballister, Esq. since September 1, 2018.

5.      Attached hereto as EXHIBIT 4 is a true and correct copy of this Court's decision in *Orlando Garcia v. Pasadena College Shopping Center, LLC CV 20-1897-RSWL-JEM* issued April 3, 2020*, wherein this Court ordered Plaintiff to show cause why the Court should exercise supplemental jurisdiction over Plaintiff's Unruh Act Claim.  Plaintiff submitted essentially the same Response there as he did here in response to the Order to Show Cause.  Tellingly, the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim in that case. There, as he did here, in a virtually identical boilerplate complaint, Plaintiff alleged

that the defendant restaurant purportedly failed to provide a wheelchair accessible dining surface.

6.    In another case, filed by Plaintiff's law firm, Potter & Handy, also in the Central District, Judge Cormac Carney dismissed Plaintiff Brian Whitaker's Unruh Act Claim against Defendant Sherwood Management Co., Inc., declining to exercise supplemental jurisdiction.  Attached as EXHIBIT 5 is the Order in that case, Case No.: CV 19-06616-CJC(MRWx).

7.    Pursuant to Local Rule 7-3, I participated in the conference of counsel with Plaintiff's counsel, Raymond Ballister, on September 3, 2020.  We held the conference via telephone in light of the COVID-19 pandemic, rather than in person. I confirmed the substance of our discussion on the same date via email and thereafter via a subsequent email on September 9, 2020.  Although Plaintiff's counsel mentioned that this Court issued Orders to Show Cause re Exercise of Supplemental Jurisdiction re State Claims, and has dismissed the state claims in these types of cases, Plaintiff's counsel did not respond to Defendant's suggestion that the parties stipulate to dismiss the state claim.  Even more curiously, Plaintiff's counsel did not serve Defendants' counsel with a copy of this Court's July 21, 2020 Order to Show Cause Re Exercise of Supplemental Jurisdiction Re State Law Claims ("OSC") or Plaintiff's response, nor did Mr. Ballister mention that the Court had in fact issued an OSC in this regard during our September 3, 2020 telephonic conference.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 11, 2020, at Los Angeles, California.


/s/ *Ruth L. Seroussi*
RUTH L. SEROUSSI