CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Amanda Seabock, Esq., SBN 289900
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia**,<br><br>　　Plaintiff,<br><br>v.<br><br>**Joseph N. Treves**, in individual and representative capacity as Trustee of the Nace and Sarah Treves Living Trust;<br>**Alan R. Treves**, in individual and representative capacity as Trustee of the Nace and Sarah Treves Living Trust;<br>**Jefferey R. Treves**, in individual and representative capacity as Trustee of the Nace and Sarah Treves Living Trust;<br>**Superba Holdings, LLC**, a Delaware Limited Liability Company; and Does 1-10,<br><br>　　Defendants. | **Case:** 2:20-cv-06353-RSWL-PVC<br><br>**First Amended Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |

　　Plaintiff Orlando Garcia complains of Joseph N. Treves, in individual and representative capacity as Trustee of the Nace and Sarah Treves Living Trust; Alan R. Treves, in individual and representative capacity as Trustee of the Nace and Sarah Treves Living Trust; Jefferey R. Treves, in individual and representative capacity as Trustee of the Nace and Sarah Treves Living Trust;

Superba Holdings, LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic who suffers from Cerebral Palsy. He cannot walk and he has manual dexterity issues. He uses a wheelchair for mobility.

2. Defendants Joseph N. Treves, Alan R. Treves and Jefferey R. Treves, in individual and representative capacity as Trustee of the Nace and Sarah Treves Living Trust, owned the real property located at or about 5203 Lankershim Blvd., North Hollywood, California, in February 2020.

3. Defendant Joseph N. Treves, Alan R. Treves and Jefferey R. Treves, in individual and representative capacity as Trustee of the Nace and Sarah Treves Living Trust, own the real property located at or about 5203 Lankershim Blvd., North Hollywood, California, currently.

4. Defendant Superba Holdings, LLC owned Superba Snacks + Coffee located at or about 5203 Lankershim Blvd., North Hollywood, California, in February 2020.

5. Defendant Superba Holdings, LLC owns Superba Snacks + Coffee located at or about 5203 Lankershim Blvd., North Hollywood, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the

events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Superba Snacks + Coffee on or about February 17, 2020 to buy snacks and a drink and to assess the business for compliance with the disability access laws.

11. The Superba Snacks + Coffee sells food and drink to the paying public, is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide wheelchair accessible dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

13. Specifically, in the front patio area, wrapping around the building on the

corners of Lankershim Blvd. and W. Magnolia Blvd., plaintiff found a nice open patio area with yellow foldable tables and chairs. None of those tables were accessible to, or useable by, the plaintiff because the legs of the table were of a style that failed to provide more than a few inches of knee/toe clearance.

14. Because plaintiff was using a wheelchair, he could not pull his knees and legs up and under any of these tables to use them for dining.

15. Additionally, there were a number of picnic style tables and benches behind the Superba Snacks + Coffee for customer use. Although plaintiff did not want to eat in the back, but wanted to eat in the front patio area, these back tables were also not accessible to him.

16. None of these picnic-style tables were accessible or useable by the plaintiff for two reasons. First, and most importantly, even if the plaintiff could have prevailed on employees to drag the benches away from the tables, the tables are too high. They measure much higher than 34 inches above the ground. Second, many of these tables were located on gravel and unusable by a wheelchair.

17. On information and belief, the defendants currently fail to provide wheelchair accessible dining surfaces.

18. These barriers relate to and impact the plaintiff's disability. Plaintiff personally encountered these barriers.

19. As a wheelchair user, the plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

20. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

21. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

22. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

23. Plaintiff lives 20 minutes from the Superba Snacks + Coffee and is in this geographic and neighborhood area on a regular and ongoing basis—numerous times a year, every year, for a long time. Plaintiff will return to the Superba Snacks + Coffee to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that the Superba Snacks + Coffee and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

24. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

25. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

26. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

27. Where dining surfaces are provided for the consumption of food or drink, at least 5% of the seating and standing spaces must be accessible to wheelchair users. 36 C.F.R., Part 1191, Appendix B § 226.1. Additionally, these accessible surfaces must be dispersed throughout the space or facility containing dining surfaces and work surfaces. 36 C.F.R., Part 1191, Appendix D § 226.2. To qualify as an accessible dining surface, the surface must be between 28 and 34 inches high. 36 C.F.R., Part 1191, Appendix D § 902.3. As importantly, there must be knee clearance that is at least 30 inches wide, at least 27 inches high, and runs for at least eight inches deep. 36 C.F.R., Part 1191, Appendix D §306.3. Additionally, there must be toe clearance that is at least 30 inches wide, at least nine inches high and runs at least 17 inches under the dining surface. 36 C.F.R., Part 1191, Appendix D §306.2. Here, none of the tables that were of an accessible height provided this knee and toe clearances and the tables that did provide knee/toe clearance were too high.

28. Ground and floor surfaces along accessible routes including floors, walks, and ramps must be stable, firm, and slip-resistant. 36 C.F.R., Part 1191, Appendix D § 302.1. Here the failure to provide an accessible route is a violation of the law.

29. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

30. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

31. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

33. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

34. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by violating the plaintiff's rights under the ADA.

35. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: September 22, 2020              CENTER FOR DISABILITY ACCESS

                                       By:   /s/ Russell Handy
                                       Russell Handy
                                       Attorney for Plaintiff