1  MICHAEL R. NEWHOUSE (SBN 211204)
   mnewhouse@newhouselawgroup.com
2  SUZANNE M. HENRY (SBN 204772)
   shenry@newhouselawgroup.com
3  **NEWHOUSE LAW GROUP, PC**
   1800 Century Park East, 6th Floor
4  Los Angeles, California 90067
   Telephone: (310) 684-3162
5  Facsimile: (310) 694-3076

6  Attorneys for Defendants
   SUPERBA HOLDINGS, LLC,
7  JOSEPH N. TREVES, ALAN R. TREVES
   AND JEFFREY R. TREVES

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12 ORLANDO GARCIA,                        ) Case No.: 2:20-cv-06353-RSWL-PVC
                                          )
13              Plaintiff,                ) (Hon. Ronald S. W. Lew)
                                          )
14 vs.                                    ) NOTICE OF MOTION AND MOTION
                                          ) TO DISMISS PLAINTIFF'S SECOND
15 JOSEPH N. TREVES, in individual and    ) CAUSE OF ACTION DECLINING TO
   representative capacity as Trustee of the ) EXERCISE SUPPLEMENTAL
16 Nace and Sarah Treves Living Trust;    ) JURISDICTION OVER THE
   ALAN R. TREVES in individual and      ) CALIFORNIA UNRUH ACT CLAIM;
17 representative capacity as Trustee of the ) MEMORANDUM OF POINTS &
   Nace and Sarah Treves Living Trust;    ) AUTHORITIES AND DECLARATION
18 JEFFEREY R. TREVES, in individual      ) OF MICHAEL NEWHOUSE
   and representative capacity as Trustee of )
19 the Nace and Sarah Treves Living Trust; ) **[F.R.C.P. 12(b)(1)]**
   SUPERBA HOLDINGS, LLC, a              )
20 Deleware Limited Liability Company;    ) Date:    November 17, 2020
   and DOES 1 through 10, inclusive,     ) Time:    10:00 a.m.
21                                        ) Ctrm:    To Be Noticed
                Defendants.               ) Judge:   Hon. Ronald S. W. Lew
22                                        )
                                          ) Complaint Served: July 22, 2020
23                                        ) FAC Filed: September 22, 2020
                                          ) Response Date: October 20, 2020
24                                        )
                                          )
25                                        )
                                          )
26                                        )
                                          )
27 _____       )

28

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 17, 2020 at 10:00 a.m. in the above captioned Court located at 350 W. 1st Street, in a Courtroom to be determined and noticed, Los Angeles, CA 90012, Defendants Superba Holdings, LLC, Joseph N. Treves, Alan R. Treves and Jefferey R. Treves (hereinafter "Defendants") will, and hereby do, move pursuant to Rule 12(b)(1) of the Federal Rules of Procedure for an order dismissing Plaintiff's Second Cause of Action declining to exercise supplemental jurisdiction over Plaintiff's California Unruh Act claim.

As an initial matter, this Court should decline to exercise supplemental jurisdiction over Plaintiff's California Unruh Act claim pursuant to Rule 12(b)(1) for reasons of judicial economy, comity, fairness and to avoid forum shopping.

This Motion is based upon this Notice and Motion, the attached Memorandum of Points and Authorities, the complete file and records in this action, including but not limited to the Complaint and any exhibits attached thereto, and upon such other and further argument and evidence that may be presented by Defendants in their reply or at the time of the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 13, 2020 via a telephonic conference, the substance of which was confirmed on the same date via email. Plaintiff's counsel refused to entertain dismissing or stipulating to a dismissal of the state Unruh Act claim, instead mentioning during the conference of counsel that he responded to the Court's Order to Show Cause on July 27, 2020 and requested the submission of a constitutional question. As the Court has only supplemental jurisdiction over the Unruh Act Claim, and in light of California's statutory efforts to curb abuses relating to such claims, the Court ordered Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act Claim asserted in the Complaint. Defendants' counsel pointed out that both this Court and several other

1   Courts in the Central District have received Plaintiff's counsel's same briefing and

2   rejected it – dismissing the state claim.[1] This Court, and several others in the Central

3   District by declining to exercise supplemental jurisdiction, attempt to restore the

4   balance Congress struck when it enacted the ADA and provided a private right of

5   action for injunctive relief and an award of attorneys' fees, but did not allow for the

6   recovery of statutory damages.  Nothing has changed from the date Plaintiff

7   responded to the Court's Order to Show cause in July except for the quantity of

8   lawsuits this Plaintiff and law firm continue to file. Here we are again, after Plaintiff

9   filed a First Amended Complaint ("FAC"), with the same allegation as it relates to

10  the Unruh Act claim as in the Complaint.

11      Since the Court has not yet issued another Order to Show Cause, *sua sponte*,

12  on Plaintiff's Second Cause of Action under the Unruh Act, and Defendants'

13  Responsive Pleading must be filed by October 20, this Motion follows.

14

15                          Respectfully submitted,

16                          NEWHOUSE LAW GROUP, PC

17  DATED: October 20, 2020      By:   /s/Michael R. Newhouse
                                       MICHAEL R. NEWHOUSE
18                                     Attorneys for DEFENDANTS SUPERBA
                                       HOLDING, LLC, JOSEPH N. TREVES,
19                                     ALAN R. TREVES AND JEFFREY R.
                                       TREVES
20

21

22

23

24

25  ─────────────────────
    [1]  See Order Declining to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claim in
26  *Orlando Garcia v.  Market at 1010, LLC, et al. CV 20-574*-DMG (SKx) issued February 11, 2020;
    see also Order Declining to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims
27  in *Orlando Garcia v. Guacamaya Oasis, Inc., et al, CV 19-10681 MWF (JPRx)* issued March 30,
    2020; and see also Judge Lew's Order re: Plaintiff's OSC Response re: Supplemental Jurisdiction
28  in *Orlando Garcia v. Pasadena College Shopping Center, LLC CV 20-1897-RSWL-JEM* issued
    April 3, 2020. [See Newhouse Decl., ¶¶ 6,7, EXHIBITS 5, 6, and 7].

# **TABLE OF CONTENTS**

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 3

I.   INTRODUCTION .......................................................................................... 3

II.  FACTURAL BACKGROUND .................................................................... 4

III. LEGAL STANDARD FOR DISMISSAL ................................................. 5

    A.   Standard for Dismissal Under (12)(b)(1) Lack of Supplemental
        Jurisdiction ................................................................................................. 5

IV. LEGAL ARGUMENT ................................................................................. 6

    A.   This Court Should Decline To Exercise Supplemental Jurisdiction
        Over Plaintiff's State Unruh Act Claim Given Judicial Economy,
        Convenience, Fairness and Comity ....................................................... 6

V. CONCLUSION ............................................................................................. 12

# **TABLE OF AUTHORITIES**

**Federal Cases**                                                                    **Page(s)**

*Carnegie-Mellon Univ. v. Cohill,*
  484 U.S. 343, 357 (1988) .................................................................. 5

*City of Chicago v. Int'l Coll. of Surgeons,*
  522 U.S. 156, 172–73 (1997) ............................................................. 5

*Exec. Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.,*
  24 F.3d 1545, 1558 (9th Cir. 1994) .................................................. 6

*Garibay v. Rodriguez,*
  2019 WL 5204294, at *4 (C.D. Cal. Aug. 27, 2019) ...................... 9, 10

*Hanna v. Plumer,*
  380 U.S. 460, 467-68 (1965) ............................................................. 10

*Moeller v. Taco Bell Corp.,*
  816 F.Supp.2d 831, 847 (N.D. Cal. 2011) ...................................... 6

*Molski v. Mandarin Touch Restaurant,*
  347 F.Supp.2d 860 (C.D. 2004) ....................................................... 3, 7

*Rafael Arroyo, Jr. v. Kazmo, LLC,*
  (C.D. Cal. Aug. 5, 2019) ................................................................... 8

*Rodriguez v. Investco, LLC,*
  305 F. Supp. 2d 1278, 1280-81 (M.D. Fla. 2004) ......................... 7

*San Pedro Hotel Co. v. City of L.A.,*
  159 F.3d 470, 478 (9th Cir. 1998) .................................................... 6

*Schutza v. Alessio Leasings, Inc.,*
  2019 WL 1546950, at *4 (S.D. Cal. Apr. 8, 2019) ......................... 11

*Shutza v. Cuddeback,*
  262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) .............................. 9, 10

*United Mine Workers v. Gibbs,*
  383 U.S. 715, 726 (1966) ........................................................ 5, 6, 9, 10

*Velez v. Il Fornaio Am. Corp.,*
  2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018) ...................... 7

# TABLE OF AUTHORITIES
## (cont'd)

**Federal Rules**                                                                                                       **Page(s)**

F.R.C.P. 12(b)(1) ............................................................................................... *passim*
F.R.C.P. 12(b)(6) ...................................................................................................... 3

**Federal Statutes**

28 U.S.C. § 1367(a) ................................................................................................. 5
28 U.S.C. § 1367(c) ................................................................................................. 5
28 U.S.C. § 1367(c)(1)-(3) ...................................................................................... 6
28 U.S.C. § 1367(c)(4) .......................................................................................... 6, 9

**State Statutes**

Cal. Civ. Code § 52(a) ............................................................................................. 7
Cal. Civ. Code § 55.52(a)(1) .................................................................................... 7
Cal. Code Civ. Proc. § 425.50(a) ............................................................................. 7
Cal. Code Civ. Proc. § 425.50(b)(1) ........................................................................ 7
Cal. Code Civ. Proc. § 425.55(a)(2) ........................................................................ 8
Cal. Code Civ. Proc. § 425.55(b)(1) ...................................................................... 7, 8
Cal. Code Civ. Proc. § 425.55(b)(2) ........................................................................ 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On July 17, 2020, Plaintiff Orlando Garcia ("Plaintiff") filed this lawsuit against Defendants Joseph N. Treves, Alan R. Treves and Jefferey R. Treves (the "Treves Defendants") and Defendant Superba Holdings, LLC ("Superba") asserting a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA") and a claim for damages under the California Unruh Civil Rights Act ("Unruh Act").  On July 21, 2020, the Court ordered Plaintiff to show cause why the Court should exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  Plaintiff responded on July 27, 2020.

On September 12, 2020, Defendants filed a Notice of Motion and Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim and Lack of Standing and Declining Supplemental Jurisdiction Over the California Unruh Act Claim pursuant to F.R.C.P. Rule 12(b)(6) and F.R.C.P. 12(b)(1).  Due to the sheer volume of cases that Plaintiff (along with this same attorney, Ray Ballister) has filed in the last two years (231),[2] it is hard to fathom how Plaintiff can possibly have suffered an injury under the ADA. Instead of filing any opposition to Defendant's Motion to Dismiss, Plaintiff filed a First Amended Complaint ("FAC") for injunctive relief arising out of an alleged violation of the American with Disabilities Act as well as a claim for damages pursuant to California's Unruh Act rendering Defendants' Motion to Dismiss moot, as entered by the Court on October 8, 2020.

As the Court has only supplemental jurisdiction over the Unruh Act, and in light of California's statutory efforts to curb abuses relating to such claims, the Court previously ordered Plaintiff to show cause in writing why the Court should exercise

---

[2] This Court should exercise its discretion, declare Plaintiff a vexatious litigant pursuant to Local Rule 83-8, and compel Plaintiff to seek relief prior to filing cases going forward, at a minimum, requiring him to file a copy of the Court's Order declaring him a vexatious litigant in all cases filed hereafter. Judge Rafeedie did this in *Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860 (C.D. 2004) and it is appropriate to do so here. To date, the number of lawsuits this Plaintiff has filed from Sept. 2018 to the present is 316.  [See Newhouse Decl., ¶ ¶ 2,3, Exs. 1, 2].

supplemental jurisdiction over the Unruh Act asserted in the Complaint.  The Court never got the chance to review Plaintiff's response to the Court's Order to Show Cause or Defendants' Motion to Dismiss because Plaintiff filed a FAC.  Absolutely nothing has changed since Plaintiff filed his FAC, except that Plaintiff continues to file more complaints alleging ADA and Unruh Act violations, all in federal court in spite of the language of the Unruh Act and because California's heightened pleading standards and increased filing fees do not apply in federal court.  At a minimum, this Court should decline to exercise supplemental jurisdiction over Plaintiff's California Unruh Act claim pursuant to Rule 12(b)(1) for reasons of judicial economy, comity, fairness and to avoid forum shopping.

## II.    FACTUAL BACKGROUND

Plaintiff alleges he uses a wheelchair due to a physical disability. [FAC ¶ 1]. He further alleges that on or about February 17, 2020, he visited the Restaurant in North Hollywood, California "owned" by Superba.[3]  [FAC ¶ 5, 10].  At the Restaurant, he claims to have encountered one barrier – wheelchair accessible dining surfaces.  [FAC ¶ 12].  He also claims that, *on information and belief*, Superba currently fails to provide wheelchair accessible dining surfaces.  [FAC ¶ 17]. Plaintiff alleges the failure to provide accessible dining surfaces created difficulty and discomfort for him. [FAC ¶ 20].  Plaintiff alleges he lives 20 minutes away from Superba and will return.  [FAC ¶ 23].

Based on a quick Pacer search, Plaintiff, Orlando Garcia has filed at least 231 cases filed in Central District Court in the last two years with the same attorney who currently represents him, Ray Ballister (September 3, 2018-September 3, 2020). Declaration of Michael Newhouse ("Newhouse Decl."), ¶ 2 EXHIBIT 1.  Tellingly, Plaintiff Orlando Garcia is a Plaintiff in 316 cases filed since September 2018 to the present; up from 254.  [See Newhouse Decl., ¶ 3 EXHIBIT 2].

---

[3] Plaintiff alleges the Treves Defendants, as Trustees, own the real property located at 5203 Lankershim Blvd., North Hollywood, CA where Superba Snacks + Coffee (the "Restaurant") is located.  [FAC. ¶3].

## III.   LEGAL STANDARD FOR DISMISSAL

### A. <u>Standard for Dismissal Under 12(b)(1) Lack of Supplemental Jurisdiction</u>

To quote the legal standard from this Court in its decision in *Garcia v. Pasadena College Shopping Center LLC et al*., Case No: CV 20-1897-RSWL-JEM:

> In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, district courts have discretion to decline to exercise supplemental jurisdiction: The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> > (1) the claim raises a novel or complex issue of State law,
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

> The Supreme Court has described 28 U.S.C. § 1367(c) as a "codification" of the principles of "'economy, convenience, fairness, and comity'" that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (citation omitted) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

> District courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors," *e.g.*, "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago*, 522 U.S. at 173. The supplemental jurisdiction

statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" Id. (quoting *Cohill*, 484 U.S. at 350).

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. § 1367(c)(1)-(3), *San Pedro Hotel Co. v. City of L.A.,* 159 F.3d 470, 478 (9th Cir. 1998), but does require a district court to "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the Gibbs values provide compelling reasons for declining jurisdiction in such circumstances," *Exec. Software N. Am. Inc. v. U.S. Dist. Court* for the Cent. Dist. of Cal., 24 F.3d 1545, 1558 (9th Cir. 1994). According to the Ninth Circuit, this "inquiry is not particularly burdensome." *Id.* When declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), "the court must identify the predicate that triggers the applicability of the category (the exceptional circumstances), and then determine whether, in its judgment, the underlying Gibbs values are best served by declining jurisdiction in the particular case (the compelling reasons)." *Id.*

## IV.   LEGAL ARGUMENT
### A.   This Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's State Unruh Act Claim Given Judicial Economy, Convenience, Fairness and Comity

As stated above, since September 3, 2018, Plaintiff (with the help of the Potter and Handy law firm) has filed 231 cases in the Central District alone alleging violations of the ADA and Unruh Act. [*See* Newhouse Decl., ¶ 2, EXHIBIT 1]. Plaintiff has filed **316** cases in the Central District since September 2018 up until the present and Plaintiff's counsel has filed 3,268 cases since September 3, 2018. *Id.,* ¶ 3, EXHIBIT 2 and ¶ 5, EXHIBIT 4.

While the ADA provides only for injunctive relief, as federal courts in every California district have noted, enterprising plaintiffs (and their counsel) found a way to circumvent Congressional will by adding a state law claim for money damages under the Unruh Act to their ADA claims. *See, e.g., Moeller v. Taco Bell Corp.,* 220 F.R.D. 604, 607 (N.D. Cal. 2004).

Unlike the ADA, the Unruh Act allows for recovery of monetary damages. A plaintiff may recover actual damages for each offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars

6

($4,000)." Cal. Civ. Code § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). As a result, this has created a "cottage industry." *Molski v. Mandarin Touch Restaurant,* 347 F. Supp. 2d 860, 862-863 (C.D.Cal. 2004), citing 14 *Rodriguez v. Investco, L.L.C.*, 305 F. Supp. 2d 1278, 1280-81 (M.D. Fla. 2004).

"In 2012, in an attempt to deter baseless and vexatious litigant, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Velez v. Il Fornaio Am. Corp*. No. 3:18-CV-1840-CAB-MDD, 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 20180029. These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1 or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1).

As a result, all construction-related accessibility cases filed in California courts after October 15, 2015 require a plaintiff to include specific facts concerning the plaintiff's claim, including the specific barriers encountered or the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). The complaint must also be verified. Civ. Proc. Code §425.50(b)(1) or is subject to a motion to strike. California also requires HFL to pay an additional $1,000.00 filing fee if they have filed more than 10 complaints alleging a construction-related accessibility violation in the prior 12 months. Cal. Civ. Proc. Code § 425.55(b)(1).

When California continued to experience large numbers of these actions, California imposed additional limitations on "high frequency litigants." These additional restrictions became effective on October 15, 2015. Under California law, a "high frequency litigant" is defined as "(a) plaintiff who has filed ten or more

complaints alleged a construction -related accessibility violation within the twelve-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." *Id*. Section 425.55(b)(1).  The definition of high-frequency litigant also extends to attorneys.  *Id*. at 425.55(b)(2). In support of its imposition of additional requirements on high frequency litigants, the California Legislature found and declared:

> According to information from the California Commission on Disability Access, more than one-half, or 54 percent, of all construction-related accessibility complaints filed between 2012 and 2014 were filed by two law firms. Forty-six percent of all complaints were filed by a total of 14 parties. Therefore, a very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the state, from 70 to 300 lawsuits each year. Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation. This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act and the (ADA).

Cal. Civ. Proc. Code §425.55(a)(2). *See Rafael Arroyo, Jr. v. Kazmo, LLC*, No. 2:19-cv- 2720 PA (MRWx), Slip Op. at 2-3 (C.D. Cal. Aug. 5, 2019)(emphasis added).

Because California's heightened pleading standards and increased filing fees to do not apply in federal court, plaintiffs can circumvent the restrictions California has imposed on construction-related accessibility claims just by relying on a grant of supplemental jurisdiction over any Unruh Act claim, when combined with an ADA claim for injunctive relief.  The number of construction-related accessibility claims filed in the Central District has significantly increased since California sought to curtail such actions in its state courts:

> According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, which constituted 3% of the civil actions filed. Filings of such cases increased from 928 (7% of civil cases) in 2014, the year before the imposition of the additional $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10% of civil cases) in 2016, the first full year of those requirements. The number and percentage of such cases filed in the Central District has increased in each year since California acted to limit the filings by high- frequency litigants,

reaching 1,670 (12% of civil cases) in 2017, 1,670 (18% of civil cases) in 2018, and *1,868 cases (24% of civil cases) in the first six months of 2019*.

*Arroyo, Jr. v. Kazmo, LLC*, at 5 (emphasis added).

In enacting restrictions and additional fees for the filling of construction-related accessibility claims, California sought to limit the burden these types of cases put on its businesses.  But, in filing these Actions in federal courts, plaintiffs have managed to avail themselves of the state law providing statutory damages while circumventing California's limitations as to reaching such awards.  This situation, as well as the increased burden on federal courts due to the increasing number of these cases, presents the type of "exceptional circumstances" and "compelling reasons" that justify a court's discretion to decline to exercise supplemental jurisdiction over any Unruh Act or other state law claims under 28 U.S.C. Section 1367(c) 4).

Further, declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim under these circumstances furthers the values of judicial economy, fairness, convenience, and comity:

> As a high-frequency litigant, the Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim.

*Shutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017); *see also Gibbs*, 383 U.S. at 726. In *Shutza*, the court found that the plaintiff—a High Frequency Litigant who had filed over 100 disability discrimination cases—was "engaging in forum-shopping by bringing his action in federal court and attempting to avoid California's heightened pleading requirements for disability discrimination claims." *Schutza*, 262 F. Supp. 3d at 1031.

Nearly nine times more construction-related accessibility actions are being filed in the Central District in 2019 than were in 2013.  *See Garibay*, 2019 WL 5204294, at *4.  But it is within the power of the federal courts to "take measures to discourage forum-shopping, and here…the Court finds this to be a compelling

reason to decline supplemental jurisdiction." S*chutza*, 262 F. Supp.3d at 1031 (citing *Hanna v. Plumer*, 380 U.S. 460, 467-68 (1965)). It is not, under the *Gibbs* factors, 'fair" to defendants that plaintiffs may pursue construction-related accessibility claims in this Court while evading the limitations California has imposed on such claims." *Garibay*, 2019 WL 5204292, at *5. Allowing federal courts to act as a safe haven for these claims-regardless of whether a particular plaintiff or law firm currently satisfies the definition of a "high-frequency litigant" – is an affront to the comity between federal and state courts.

Here, *Plaintiff has filed approximately 316 ADA claims in the Central District of California, in last two years* most or all of which also seek damages under California's Unruh Act. What is more, *Plaintiff concedes that he qualifies as a high-frequency litigant under California law*.[4] Because Plaintiff is a High Frequency Litigant, primarily seeking statutory damages under state law, this Court should deny supplemental jurisdiction over Plaintiff's Unruh Act claims. Plaintiff's prior litigation of lawsuits in this district further supports that he primarily seeks monetary rather than injunctive relief. Most often, Plaintiff settles and/or voluntarily dismisses his cases with prejudice before or shortly after an answer is filed.

Just as it was "improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements" in *Shutza*, it is improper to do so here. This Court should find, like it did in the case of *Orlando Garcia v. Pasadena College Shopping Center, LLC CV 20-1897-RSWL-JEM* that "exceptional circumstances" and "compelling reasons" exist to support the Court's decision to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. *See* Newhouse Decl. ¶ 6, EXHIBIT 5.

Additionally, any inefficiencies created by this Court's decision to decline to exercise supplemental jurisdiction over the Unruh Act claim are *problems resulting*

---

[4] *See* Plaintiff's Declaration In Support Of Plaintiff's OSC Response, Par. 4 "It is, therefore, my understanding that I qualify as a high-frequency [sic] litigation as that term is used by California law."

*from Plaintiff's decision to file this Action in federal court, rather than state court. See Schutza v. Alessio Leasings, Inc.*, No. 18cv 2154-LAB (AGS), 2019 WL 1546950, at *4 (S.D. Cal. Apr. 8, 2019) ("Had he brought this suit in state court, there would have been only one suit pending and he would have been eligible to receive every form of relief he seeks: an injunction, money damages, and attorney's fees.  This is particularly true, given this Court's recent decision in *Orlando Garcia v. Pasadena College Shopping Center, LLC CV 20-1897-RSWL-JEM,* another recent ADA case brought by Plaintiff with very similar allegations, where this Court declined supplemental jurisdiction over Plaintiff's state claim.  Newhouse Decl., ¶ 6, EXHIBIT 5*; see also* Newhouse Decl., ¶ 7, EXHIBITS 6 and 7 as shown in the *Garcia v. Market at 1010, LLC, et al*. CV 20-574-DMG (SKx) February 11, 2020 and *Garcia v. Guacamaya Oasis, Inc., et al.* CV 19-10681 MWF (JPRx) March 30, 2020 cases where both courts in this district declined to exercise supplemental jurisdiction over Plaintiff's state law claim.

By declining to exercise supplemental jurisdiction over Plaintiff's state claim here, this Court is simply recognizing that California has a strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants.  If that results in occasional inefficiency, it's a worthwhile tradeoff, as in *Schutza*.

Plaintiff's decision to bring this action in this Court, ignoring additional pleading requirements imposed by California's HFL, is an improper attempt at forum shopping. "Because a legitimate function of the federal courts is to discourage forum shopping and California courts should interpret California law," this Court should follow *Schutza* and find "that compelling reasons exist to decline supplemental jurisdiction over plaintiff's state law claims." *See Schutza* at 1031 (citation omitted).  This Court should decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act Claim and should dismiss with prejudice this state law claim.

1

## V.    CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court in its discretion decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and dismiss this claim with prejudice.

Respectfully Submitted,

NEWHOUSE LAW GROUP, PC

DATED: October 20, 2020           By:    /s/Michael R. Newhouse
                                          MICHAEL R. NEWHOUSE
                                          Attorneys for DEFENDANTS SUPERBA
                                          HOLDING, LLC, JOSEPH N. TREVES,
                                          ALAN R. TREVES AND JEFFREY R.
                                          TREVES

## **DECLARATION OF MICHAEL NEWHOUSE**

I, Michael Newhouse, declare as follows:

1.      I am an attorney duly admitted to practice before this Court. I am a shareholder of Newhouse Law Group PC, attorneys of record for moving Defendants Superba Holdings, LLC, Joseph N. Treves, Alan R. Treves and Jefferey R. Treves (hereinafter "Defendants") herein. I have personal knowledge of the matters herein and could testify competently regarding them.

2.      This office ran a Pacer search for Plaintiff Orlando Garcia as represented by Plaintiff's counsel, Ray Ballister in any civil action filed in California. Attached hereto as EXHIBIT 1 is a true and correct copy of an excel spreadsheet of all cases we found when performing this Pacer search.  As the Court will see, Plaintiff has filed 231 cases as an ADA plaintiff in the Central District of California since September 3, 2018 to September 2020, with Ray Ballister as his counsel.

3.      Tellingly, Plaintiff Orlando Garcia is a Plaintiff in 316 cases filed since September 2018 to October 15, 2020 and the number keeps going up as this number was 254 as of September 12, 2020- the filing date of Defendants' prior Motion to Dismiss.  Six of these cases have been before this court.  Attached hereto as EXHIBIT 2 is a true and correct copy of the Pacer search from September 1, 2018 to October 15, 2020.

4.      For the Court's convenience, attached as EXHIBIT 3 is a true and correct copy of the Pacer search from September 1, 2018 to September, 2020 of all cases filed by Plaintiff Orlando Garcia in Central District Court, CA – a total of 254 ADA cases, seven (7) of which have been before this Court.

5.      Attached hereto as EXHIBIT 4 is a true and correct copy of a Pacer report reflecting the 3,268 cases filed by Ray Ballister, Esq. since September 1, 2018 to October 15, 2020.

6.      Attached hereto as EXHIBIT 5 is a true and correct copy of this Court's decision in *Orlando Garcia v. Pasadena College Shopping Center, LLC CV 20-1897-RSWL-JEM* issued April 3, 2020*, wherein this Court ordered Plaintiff to show cause why the Court should exercise supplemental jurisdiction over Plaintiff's Unruh Act Claim.  Plaintiff submitted essentially the same Response there as he did here in response to the Order to Show Cause.  Tellingly, the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim in that case. There, as he did here, in a virtually identical boilerplate complaint, Plaintiff alleged that the defendant restaurant purportedly failed to provide a wheelchair accessible dining surface.

7.      Attached as EXHIBITS 6 and 7 are Orders from other Judges in Central District of California declining to exercise supplemental jurisdiction over this Plaintiff's state law claim under the Unruh Act.  *Orlando Garcia v. Market at 1010, LLC, et al.*, CV 20-574-DMG (SKx) February 11, 2020 ("Plaintiff's prior litigation of lawsuits in this district further supports that he primary seeks monetary rather than injunctive relief.  Most often, [Plaintiff] settles and/or voluntarily dismisses his cases with prejudice before or shortly after an answer is filed").  *Orlando Garcia v. Guacamaya Oasis, Inc., et al.,* CV 19-10681 MWF (JPRx) March 30, 2020 ("There is no relief available to Plaintiff in federal court that could not be secured in state court.")

8.      In another case, filed by Plaintiff's law firm, Potter & Handy, also in the Central District, Judge Cormac Carney dismissed Plaintiff Brian Whitaker's Unruh Act Claim against Defendant Sherwood Management Co., Inc., declining to exercise supplemental jurisdiction.  Attached as EXHIBIT 8 is the Order in that case, Case No.: CV 19-06616-CJC(MRWx).

9.      Pursuant to Local Rule 7-3, counsel Cheryl Spound, Esq. of my law firm participated in the conference of counsel with Plaintiff's counsel, Raymond Ballister, on October 13, 2020.  The conference was conducted via telephone in light

of the COVID-19 pandemic, rather than in person.  She confirmed the substance of the discussion on the same date via email to Amanda Brooks, Esq. also at the same firm as Ray Ballister.  Plaintiff's counsel rejected Defendant's suggestion that the parties stipulate to dismiss the state claim.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 19, 2020, at Los Angeles, California.

/s/*Michael R. Newhouse*
MICHAEL R. NEWHOUSE