1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11   ORLANDO GARCIA,                    CV 20-06353-RSWL-PVCx

12               Plaintiff,             **ORDER re: Defendants'**
                                        **Motion to Dismiss**
13        v.                            **Plaintiff's Second Cause**
                                        **of Action Declining to**
14   JOSEPH N. TREVES, in his           **Exercise Supplemental**
     individual and                     **Jurisdiction Over The**
15   representative capacity as         **California Unruh Act Claim**
     trustee of the Nace and            [26]
16   Sarah Treves Living Trust;
     ALAN TREVES, in his
17   individual and
     representative capacity as
18   trustee of the Nace and
     Sarah Treves Living Trust;
19   JEFFEREY TREVES, in his
     representative capacity as
20   trustee of the Nace and
     Sarah Treves Living Trust;
21   SUPERBA HOLDINGS, LLC, a
     Delaware Limited Liability
22   Company; and DOES 1 to 10,

23

24               Defendants.

25

26        Plaintiff Orlando Garcia ("Plaintiff") claims that

27   Joseph Treves, Alan Treves, Jefferey Treves, and Superba

28

Holdings, LLC (collectively, "Defendants") violated the
Americans with Disabilities Act ("ADA") and California's
Unruh Civil Rights Act ("Unruh Act").  Defendants filed
the current Motion to Dismiss (the "Motion") [26] asking
the Court to decline to exercise supplemental
jurisdiction over Plaintiff's Unruh Act claim.  For the
reasons set forth below, the Court declines to exercise
supplemental jurisdiction over the Unruh Act claim and
thereby **GRANTS** Defendants' Motion.

### I.   BACKGROUND

**A.   Factual Background**

Plaintiff is a quadriplegic who uses a wheelchair
for mobility.  First Am. Compl. ("FAC") ¶ 1, ECF No. 1.
Defendants Joseph Treves, Alan Treves, and Jeffrey
Treves owned and own the real property located at 5203
Lankershim Blvd., North Hollywood, California (the
"Property").  Id. ¶¶ 2-3.  Defendant Superba Holdings,
LLC owned and owns Superba Snacks + Coffee (the
"Business"), which is located on the Property, on
February 17, 2020.  Id. ¶¶ 4, 5, 10.  At the time of
Plaintiff's visit, Defendants failed to provide ADA-
compliant dining surfaces.  Id. ¶¶ 12-17.  Plaintiff
personally encountered these barriers.  Id. ¶ 18.

**B.   Procedural Background**

Plaintiff filed his Complaint [1] on July 17, 2020.
Plaintiff then filed a First Amended Complaint [21] on
September 22, 2020.  On October 20, 2020, Defendants
filed the instant Motion to Dismiss [26].  Plaintiff

opposed [27] the Motion on October 27, and Defendants replied [28] on November 3.

## II.   DISCUSSION

### A.   Supplemental Jurisdiction

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Even if supplemental jurisdiction exists, district courts have discretion to decline to exercise supplemental jurisdiction "in exceptional circumstances" or where "there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c)(4).  The Supreme Court has described 28 U.S.C. § 1367(c) as a "codification" of the principles of "'economy, convenience, fairness, and comity'" that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction.  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172–73 (1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)).

### B.   California's Unruh Civil Rights Act

California's Unruh Civil Rights Act provides: "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal

accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51. Pursuant to Cal. Civ. Code § 51(f), a violation of the ADA is a per se violation of the Unruh Act. Unlike the ADA, however, the Unruh Act provides for recovery of monetary damages. A plaintiff may recover actual damages for each offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." Id. § 52(a).

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." Velez v. Il Fornaio (Am.) Corp., No. 3:18-CV-1840-CAB-MDD, 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). When California continued to experience large numbers of these actions, California imposed additional limitations

on "high-frequency litigants."[1]  In support of its
imposition of additional requirements on high-frequency
litigants, the California Legislature found and
declared:

> [M]ore than one-half, or 54 percent, of all
> construction-related accessibility complaints
> filed between 2012 and 2014 were filed by two
> law firms.  Forty-six percent of all complaints
> were filed by a total of 14 parties.
> Therefore, a very small number of plaintiffs
> have filed a disproportionately large number of
> the construction-related accessibility claims
> in the state, from 70 to 300 lawsuits each
> year. Moreover, these lawsuits are frequently
> filed against small businesses on the basis of
> boilerplate complaints, apparently seeking
> quick cash settlements rather than correction
> of the accessibility violation.  This practice
> unfairly taints the reputation of other
> innocent disabled consumers who are merely
> trying to go about their daily lives accessing
> public accommodations . . . .

Cal. Civ. Proc. Code § 425.55(a)(2).  In response to the
"special and unique circumstances" surrounding
disability access ligation, id. § 425.55(3), California
imposed a "high-frequency litigant fee," requiring high-
frequency litigants[2] to pay a $1,000 filing fee in

---

[1] A high-frequency litigant is defined as a plaintiff who
has filed ten or more complaints alleging a construction-related
accessibility violation within the twelve-month period
immediately preceding the filing of the current complaint
alleging a construction-related accessibility violation.  Cal.
Civ. Proc. Code § 425.55(b)(1).

[2] Here, Plaintiff concedes that he qualifies as a high-
frequency litigant under California law.  See Pl.'s Decl. in
Supp. of Resp. ¶ 2, ECF No. 11-1 ("I have filed 10 or more
complaints alleging a construction-related accessibility
violation within the 12-month period immediately preceding the
filling of the current complaint, which alleges a construction-
related accessibility violation.").

1    addition to the normal fee at the time of filing a

2    complaint.  Cal. Gov't Code § 70616.5.

3    **C.   The Court Declines to Exercise Supplemental**

4         **Jurisdiction**

5         Because California's heightened pleading standards

6    and increased filing fees do not apply in federal court,

7    plaintiffs can circumvent the restrictions California

8    has imposed on construction-related accessibility claims

9    by relying on a grant of supplemental jurisdiction over

10   any Unruh Act claim, when combined with an ADA claim for

11   injunctive relief.  The number of construction-related

12   accessibility claims filed in the Central District has

13   significantly increased since California sought to

14   curtail such actions in its state courts:

15         [I]n 2013, the first year in which California's
16         initial limitations on such cases were in
           effect, there were 419 ADA cases filed in the
17         Central District, which constituted 3% of the
           civil actions filed. Filings of such cases
18         increased from 928 (7% of civil cases) in 2014,
           the year before the imposition of the
19         additional $1,000 filing fee and additional
           pleading requirements for high-frequency
20         litigants, to 1,386 (10% of civil cases) in
           2016, the first full year of those
21         requirements. The number and percentage of such
           cases filed in the Central District has
22         increased in each year since California acted
           to limit the filings by high-frequency
23         litigants, reaching 1,670 (12% of civil cases)
           in 2017, 1,670 (18% of civil cases) in 2018,
24         and 1,868 cases (24% of civil cases) in the
           first six months of 2019.

25   Garibay v. Rodriguez, No. CV 18-9187 PA (AFMx), 2019 WL
26   5204294, at *4 (C.D. Cal. Aug. 27, 2019).

27         In enacting restrictions and additional fees for
28

the filing of construction-related accessibility claims, California sought to limit the burden these types of cases put on its businesses.  But, in filing these actions in federal courts, plaintiffs have managed to avail themselves of the state statutory damages while circumventing the limitations.  This situation, as well as the increased burden on federal courts due to the increasing number of these cases, presents the type of "exceptional circumstances" and "compelling reasons" that justify a court's discretion to decline to exercise supplemental jurisdiction over any Unruh Act or other state law claims under 28 U.S.C. § 1367(c)(4).

Declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim under these circumstances furthers the values of judicial economy, fairness, convenience, and comity.  See, e.g., Schutza v. Cuddeback, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).  Allowing federal courts to act as a safe haven for these claims—regardless of whether a particular plaintiff or law firm currently satisfies the definition of a "high-frequency litigant"—is an affront to the comity between federal and state courts.  California's elected representatives, not this Court, have enacted laws restricting construction-related accessibility claims, and in doing so, have directed that these claims be treated differently than other matters.

Accordingly, the Court concludes that "exceptional

circumstances" and "compelling reasons" exist to support the Court's decision to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.[3]  A significant number of judges both within the Central District of California and elsewhere have similarly declined to exercise supplemental jurisdiction over construction-related accessibility claims asserted under state law.  See, e.g., Whitaker v. 7707 Sunset, Inc., No. CV 20-1149-DMG(AGRx), 2020 WL 5823566 (C.D. Cal. May 26, 2020) (Gee, J.); Garcia v. Thomas, No. 2:20-cv-00684-VAP-PLAx, 2020 WL 5239175, (C.D. Cal. May 7, 2020) (Phillips, J.); Fernandez v. McAuley, No. CV 20-1279 MWF (GJSx), 2020 WL 3655492 (C.D. Cal. Mar. 30, 2020) (Fitzgerald, J.); Garcia v. Ross Stores, Inc., No. CV 20-00950 PA (GJSx), 2020 WL 5239863 (C.D. Cal. Feb. 12, 2020) (Anderson, J.); Langer v. Easton, No. CV 19-8562 PSG (ADSx), 2019 WL 7900274 (C.D. Cal. Nov. 7, 2019) (Gutierrez, J.); Zarian v. Triple M Props., No. 8:19-cv-01951-JLS-DFM, 2019 WL 5538927 (C.D. Cal. Oct. 25, 2019) (Staton, J.); Whitaker v. ALO, LLC, No. CV 19-03312-RGK-GJS, 2019 WL 787737 (C.D. Cal. Oct. 4, 2019) (Klausner, J.); see also Langer v. Petras, No. 19-cv-1408-CAB-BGS, 2019 WL 3459107 (S.D. Cal. July 31, 2019) (Bencivengo,

---

[3] To the extent Plaintiff argues the constitutionality of the high-frequency litigation statutes or requests amicus briefing from the State of California, the Court notes that the dismissal of the Unruh Act claim is premised upon 28 U.S.C. § 1367(c)(4).  The constitutionality of the California statute is not at issue.

J.); <u>Velez v. Cloghan Concepts, LLC</u>, 387 F. Supp. 3d
1072, 1077-78 (S.D. Cal. June 10, 2019) (Moskowitz, J.);
<u>Reyes v. Flourshings Plus, Inc.</u>, No. 19cv261 JM (WVG),
2019 WL 1958284 (S.D. Cal. May 2, 2019) (Miller, J.);
<u>Schutza v. Alessio Leasing, Inc.</u>, No. 18cv2154-LAB(AGS),
2019 WL 1546950 (S.D. Cal. Apr. 8, 2019) (Burns, J.);
<u>Rutherford v. Ara Lebanese Grill</u>, No. 18-CV-01497-AJB-
WVG, 2019 WL 1057919 (S.D. Cal. Mar. 6, 2019)
(Battaglia, J.); <u>Schutza v. Lamden</u>, No. 2:17-cv-2562-L-
JLB, 2018 WL 4385377 (S.D. Cal. Sept. 14, 2018) (Lorenz,
J.); <u>Reyes v. Snoozetown, LLC</u>, No. 3:18-cv-00498-H-JLB,
2018 WL 3438753 (S.D. Cal. July 16, 2018) (Huff, J.).

The Court has not deprived Plaintiff of any
remedies, as the ADA claim remains pending before this
Court, and Plaintiff may, if he so chooses, pursue his
Unruh Act claim in state court.[4]  Additionally, any
inefficiencies created by this Court's decision to
decline to exercise supplemental jurisdiction over the
Unruh Act claim are problems resulting from Plaintiff's
decision to file this Action in federal, rather than
state court.  <u>See</u> <u>Schutza</u>, 2019 WL 1546950, at *4
(noting that, "[h]ad [plaintiff] brought this suit in
state court, there would have been only one suit pending

_____

[4] Plaintiff encountered the barrier in February 2020.  FAC ¶
10.  Accordingly, the statute of limitations for Plaintiff's
Unruh Act claim has not lapsed, and Plaintiff is able to bring
this claim in state court.  <u>See</u> <u>Harris v. County of San Diego</u>,
No. CV 18-924-BTM-AHG, 2019 WL 6683367, at *4 (S.D. Cal. Dec. 5,
2019) (finding that Unruh Act claims "are subject to a two-year
statute of limitations") (citing Cal. Civ. Proc. Code § 335.1).

and he would have been eligible to receive every form of relief he seeks").

### III.  CONCLUSION

Based on the foregoing, the Court **DECLINES** to exercise supplemental jurisdiction.  The Court **GRANTS** Defendants' Motion and hereby **DISMISSES** Plaintiff's Unruh Act claim.

**IT IS SO ORDERED.**

DATED: November 23, 2020 _____/s/ Ronald S.W. Lew_____
                                     **HONORABLE RONALD S.W. LEW**
                                     Senior U.S. District Judge